UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIONNE MARSHALL and LUCIA GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE POST DHL and DHL EXPRESS (USA) INC.<br><br>Defendants. | Index No.: 13-cv-01471(RJD)(JO) |

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES

After engaging in months of discovery and participating in mediation, Plaintiffs Dionne Marshall, Lucia Gomez and opt-in Lorna Dhun ("Plaintiffs") and DHL Express (USA) Inc. ("DHL" or "Defendant") (collectively, the "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the proposed Stipulated Class Settlement Agreement and accompanying exhibits ("Agreement," attached hereto as Exhibit 1).

On January 22, 2015, Plaintiffs filed a Notice of Motion for Order: (1) Conditionally Certifying Settlement Class; (2) Granting Preliminary Approval To Proposed Class Action Settlement And Plan Of Allocation; (3) Directing Dissemination of Notice And Related Material To The Class; and (4) Setting Date For Fairness Hearing And Related Dates ("Motion"). In the Motion, Plaintiffs requested that this Court grant conditional certification of a settlement class, together with a FLSA collective action. Plaintiffs also requested that the Court grant preliminary

approval to the Agreement, including the plan of allocation in that Agreement, and that the Court approve a proposed Notice Of Class Action Settlement ("Class Notice," attached hereto as <u>Exhibit A</u> to the Settlement Agreement), and a proposed Claim Form ("Claim Form" attached hereto as <u>Exhibit B</u> to the Settlement Agreement). Having reviewed the Settlement Agreement and Motion, along with the Parties' prior submissions in this matter, the Court now **FINDS, CONCLUDES, AND ORDERS** as follows:

### I. Background

Plaintiffs' claims arise under the Fair Labor Standards Act (the "FLSA"), McKinney's New York Labor Law ("NYLL"), Florida's Minimum Wage Act ("FMWA"), the Florida Constitution ("FC"), California Labor Code ("CDC"), IWC Wage Order 4 ("IWC"), and the California Unfair Competition Law ("CUCL"). In principal part, Plaintiffs allege in their Second Amended Complaint that DHL violated the FLSA, NYLL, FMWA, FC, CDC, IWC, and CUCL by improperly paying wages for time worked and not providing proper meal breaks in the form of (a) configuring time clocks to round down the amount of time Service Agents, Senior Service Agents, Clearance Agents, Senior Clearance Agents, and Customs Brokerage Agents ("Agents") were credited with performing work; (b) automatically deducting 30 minutes for meal breaks from paychecks; and (c) requesting that Agents perform off-the-clock work prior to clocking in and after clocking out. As a result, Plaintiffs allege that they and other Agents were not fully compensated for work performed before and after scheduled shifts and during meal breaks. Plaintiffs also allege that they and other Agents did not receive compensation at their regular hourly rate for all hours worked under 40 in a week in violation of the NYLL, that they and other Agents did not receive compensation at an overtime rate of time and one-half their regular rate of pay for all hours worked over 40 in a week (and/or over 8 hours in a day with regard to

California employees) in violation of the FLSA, NYLL, CLC, and IWC, and that DHL failed to pay Agents a minimum wage for all hours worked in violation of the CLC, IWC, FMWA, and FC.

DHL has disputed, and continues to dispute, Plaintiffs' allegations in this lawsuit and denies liability for any of the claims that have or could have been asserted by Plaintiffs or the persons they seek to represent.

## II.   Definition Of The Class

The Parties have entered into the Agreement solely for purposes of compromising and settling their disputes in this matter. As part of the Agreement, DHL has agreed not to oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and 29 U.S.C. § 216(b) of the following settlement class (the "Class"):

> All hourly paid non-exempt Service Agents, Senior Service Agents, Clearance Agents, Senior Clearance Agents, and Customs Brokerage Agents ("Agents") who are or were employed at the John F. Kennedy Airport Facility ("JFK") between March 20, 2007, through the Date of Preliminary Approval, inclusive; the Miami International Airport Facility ("MIA") between March 20, 2008, through the Date of Preliminary Approval, inclusive; and the Los Angeles International Airport ("LAX") between March 20, 2009, through the Date of Preliminary Approval, inclusive, and who were: (a) not compensated for all work performed while clocked-in; (b) were not fully compensated for time worked over forty hours per week at overtime rates (or for the California Class, for time worked over forty hours per week or over eight hours per day at overtime rates); (c) were not compensated for all work performed while off-the-clock; (d) were not provided legally compliant meal breaks; (e) because of the failure to pay earned wages, were not provided timely paid all earned wages upon termination; (f) because of the failure to pay earned wages, were not provided accurate itemized wages statements; and/or (g) experienced unfair business practices.

## III.   Designation Of The Class As An FLSA Collective Action

The Court finds that the members of the Class are similarly situated within the meaning of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), solely for purposes of

- 3 -

determining whether the terms of the Settlement are fair. Accordingly, the Court conditionally certifies the Class as an FLSA collective action.

## IV. Rule 23 Certification of the Class

In examining potential conditional certification of the Class, the Court has considered: (1) the allegations, information, arguments, and authorities cited in the Motion and supporting memorandum and Declaration; (2) the allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in conferences and arguments before this Court; (4) DHL's conditional agreement, for settlement purposes only, not to oppose conditional certification of the Class specified in the Agreement; (5) the terms of the Agreement, including, but not limited to, the definition of the Class specified in the Agreement; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification. [*preliminary*]

In connection with certifying the Class, the Court makes the following findings applicable solely to this Settlement: [*RJD, USDJ*]

    a.     The Class has more than 100 members and therefore is sufficiently numerous that joinder of all members of the Class ("Class Members") is impracticable;

    b.     There are questions of law or fact common to all Class Members, including but not limited to whether DHL's time-clock system rounded down the actual amount of time Class Members performed work for the Defendant, whether DHL's time-clock system automatically deducted a full meal break from Agents' paychecks regardless of when they clocked back in, whether DHL required Agents to perform uncompensated work off-the-clock, and whether DHL provided legally compliant meal breaks;

  c. The Class Representatives' claims are typical of Class's claims in that the Class Representative raises the same types of claims as the Class Members;

  d. The Class Representative can fairly and adequately represent the Class's interests, in that: (1) the Class Representatives have retained counsel who are qualified and experienced in the issues raised in this litigation; (2) the Class Representatives do not have any apparent interests antagonistic to the interests of the Class; and (3) the Court finds that the FLSA and the state laws under which the claims in this matter arise are substantially similar and provide similar relief;

  e. The common questions of law and fact set forth in paragraph (b) above, predominate over any questions affecting only individual members; and

  f. The class action device is superior to all other available methods for fairly and efficiently settling this matter.

Based on those considerations and findings, the Court hereby finds that the Class proposed in this matter is identifiable and that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, including numerosity, commonality, typicality, and adequacy of the representative and their counsel.

The Court further concludes that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to the Class Members predominate over any questions affecting only individual members, and that a settlement class is superior to other available methods for the fair and efficient adjudication of this matter.

Therefore, solely for the purpose of determining whether the terms of settlement are fair, reasonable, and adequate, the Court conditionally certifies the Class, as defined in Section II above, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

## V. Appointment Of Class Representative And Class Counsel

Dionne Marshall, Lucia Gomez and Lorna Dhun are appointed as class representatives of the Class, both under Rule 23 and under 29 U.S.C. § 216(b).

The following attorneys and law firms are appointed as class counsel for the Class ("Class Counsel"): Lee S. Shalov of McLaughlin & Stern, LLP, and Louis Ginsberg of The Law Firm of Louis Ginsberg, P.C.

## VI. Disposition Of Settlement Class If Settlement Agreement Does Not Become Effective

If, for any reason, the Agreement ultimately does not become effective, DHL's agreement not to oppose conditional certification of the Class shall be null and void in its entirety; this Order conditionally certifying the Class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the Class certified for purposes of settlement shall be decertified, and DHL will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs.

## VII. Preliminary Approval Of The Agreement And The Proposed Plan Of Allocation

The Court has reviewed the terms of the Agreement and the description of the Settlement in the Motion papers. Based on that review, the Court concludes that the Settlement is within the range of possible Settlement approval such that notice to the Class is appropriate.

The Court has also read and considered the Joint Declaration of Lee S. Shalov and Louis Ginsberg in support of preliminary approval. Based on review of that Declaration, the Court concludes that the Settlement was negotiated at arm's length and is not collusive. The Court further finds that Class Counsel was fully informed about the strengths and weaknesses of the Class's case when they entered into the Agreement.

As to the proposed plan of allocation, the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval such that notice to the Class is appropriate.

Accordingly, the Court hereby grants preliminary approval to the Agreement and the Plan of Allocation.

## VIII. Approval Of The Form And Manner Of Distributing Class Notice And Claim Form

Plaintiffs have also submitted for this Court's approval a proposed Class Notice and a proposed Claim Form (collectively "Notice Materials"). The Court now considers each of these documents in turn.

The proposed Class Notice appears to be the best notice practical under the circumstances and appears to allow Settlement Class Members a full and fair opportunity to consider the proposed Settlement and develop a response. The proposed plan for distributing the Notice Materials, likewise appears to be a reasonable method calculated to reach all members of the Class who would be bound by the Settlement. Under this plan, the Settlement Administrator will distribute the Notice Materials to Settlement Class Members by First Class U.S. Mail. There appears to be no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

The Class Notice fairly, plainly, accurately, and reasonably informs Settlement Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation, the Agreement, and the Settlement. Similarly, the proposed Claim Form appears to allow members of the Class a full and fair opportunity to submit a claim for proceeds in connection with the Settlement. Moreover, the Class Notice fairly, accurately, and reasonably informs Settlement Class Members that failure to complete and submit a Claim Form, in the manner and time specified, shall constitute a waiver of any right to obtain any share of the Net Distribution Amount.

The Court, having reviewed the proposed Notice Materials, finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed Notice Materials are hereby approved.

2. Promptly following the entry of this Order, the Settlement Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice Materials the relevant dates and deadlines set forth in this Order.

3. Within fifteen (15) calendar days of the date of entry of this Order, DHL will provide the Settlement Administrator with the information regarding Settlement Class Members in accordance with the Agreement.

4. No later than thirty (30) calendar days after the date of Preliminary Approval, the Settlement Administrator shall mail, via First Class United States Mail, postage prepaid, the final version of the Notice Materials, using each Settlement Member's last known address as recorded in DHL's payroll system. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Settlement Class Members for whom the Notice Materials are returned by the post office as undeliverable and otherwise to provide the Notice Materials. The Settlement Administrator shall notify Class Counsel and Defendant's Counsel of any mail sent to Settlement Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s). The Settlement Administrator will re-mail all Notice Materials that were returned by the postal service, and for which additional addresses are known or obtainable, within five (5) calendar days

5. The Settlement Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## IX. Procedures For Final Approval Of The Settlement

### A. Fairness Hearing

The Court hereby schedules for July 9, 2015, at the hour of 10:00 a.m., a hearing to determine whether to grant final certification of the class and the FLSA collective action, and final approval of the Agreement and the Plan of Allocation (the "Fairness Hearing"). At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of

attorneys' fees and costs/expenses to Class Counsel, and any service payment to be made to Plaintiffs as Class Representatives.

### B. Deadline For Filing Objections To Settlement

Settlement Class Members who wish to present objections to the Settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be mailed to the Settlement Administrator via First-Class United States Mail, postage prepaid, and postmarked no later than 60 calendar days after the initial mailing by the Settlement Administrator of the Notice Materials.

The Settlement Administrator shall stamp the postmark date and the date received on the original and send copies of each objection to the Parties by facsimile and overnight delivery not later than two (2) business days after receipt thereof.

### C. Deadline For Filing Motion For Judgment And Final Approval

No later than forty-five (45) calendar days after the end of the Claims Period Deadline, Plaintiffs will submit a Motion for Judgment and Final Approval of the Settlement Agreement and Settlement.

### D. Deadline For Submitting Claim Forms

A Settlement Class Member who submits a timely Claim Form will be eligible to receive his or her proportionate share of the Net Distribution Amount. To receive this share, such a Class Member must timely execute and return the Claim Form (in accordance with the instructions), which will be attached to the Class Notice, including (1) an acknowledgement that by signing the Claim Form, he or she opts into the case pursuant to 29 U.S.C. § 216(b); and (2) a release of claims consistent with that set forth in Section V of the Agreement. The Claim Form

must be signed by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

To be effective, Claim Forms must be sent to the Settlement Administrator via First Class United States Mail, postage prepaid, and be received by 60 calendar days after the initial mailing of the Notice Materials.

### E. Plaintiffs' And Class Members' Release

If, at the Fairness Hearing, this Court grants Final Approval of the Agreement and Settlement, Plaintiffs and each individual Settlement Class Member who submits a timely Claim Form will release claims arising from the Second Amended Complaint through the date on which the Agreement becomes final and effective (the "Effective Date"), regardless of whether he or she submits a Claim Form or receives any share of the Net Distribution Amount. As explained in the Agreement and Class Notice, claims under the Fair Labor Standards Act are only released for Settlement Class Members who submit a valid Claim Form.

### F. Releases of Class Representatives

In addition, each of the Plaintiffs will execute a general release as described in the Agreement in exchange for any court-approved service payment.

DATED: 3/17/15

/s/ Judge Raymond J. Dearie
United States District Judge Raymond Dearie